*310 JUSTICE RICE,
concurring.
¶27 I concur with the Court’s determination to affirm the judgment of the Workers’ Compensation Court, but would adopt a different standard for application of § 39-71-407(10), MCA (2005), the last injurious exposure” provision.
¶28 In cases where a worker has developed an occupational disease (OD) while working for multiple employers, the Court concludes that the ‘last injuriously exposed” requirement is satisfied by use of a "potentially casual” standard. Opinion, ¶ 24. Under this standard, objective medical evidence of an OD need only be accompanied by proof that ‘the working conditions during the employment at which the last injurious exposure was alleged to occur, were the type and kind of conditions which could have caused an OD.” Opinion, ¶ 24 (emphasis added).
¶29 I believe the "potentially casual” standard fails to sufficiently account for and apply the word ‘Injuriously” within the ‘last injuriously exposed” statutory requirement. See Section 39-71-407(10), MCA. Under the "potentially causal”standard, there is no requirement to show that the last exposure actually resulted in injury. The standard effectively reads out the word ‘injuriously” from the statute by only requiring proof that the “type and kind of [working] conditions” of the last employment “could have caused”the worker’s OD. Opinion, ¶ 24 (emphasis added). “Anything could happen” is a common testimonial comment, but is usually meaningless. Yet, that appears to be the sufficiency of the evidence necessary to establish a last injurious exposure under this standard.
¶30 The facts of Ertz v. Glen Nan, Inc., 371 A.2d 533 (Pa. Commw. 1977), provide a good example. Ertz worked as an anthracite coal miner for Glen Nan, Inc. (Glen). Ertz, 371 A.2d at 534. On February 21, 1974, Ertz began work for Glen at 11 p.m. and ended work at 7 a.m., February 22, 1974. Ertz, 371 A.2d at 534. During Ertz’s shift, Glen’s insurance coverage with Rockwood Insurance Company ended at 12:01 a.m., February 22, and shifted to The State Workmen’s Insurance Fund (Pennsylvania Fund). Ertz, 371 A.2d at 534. After completing his shift on the morning of February 22, Ertz claimed an OD of anthracosilicosis. Ertz, 371 A.2d at 534.
¶31 Applying the “potentially causal” standard to the facts of Ertz, the Pennsylvania Fund’s coverage for seven hours of Ertz’s employment would result in liability for Ertz’s OD claim, irrespective of whether the seven hours had caused any further injury to Ertz. Ertz performed the same job, thereby satisfying the “type and kind” requirement for working conditions, with only the requirement that the seven hour *311 shift “could have caused”his OD. The lower causal standard under the “potentially causal” standard necessarily shifts a disproportionate burden to the last insurer.
¶32 I recognize that courts have reached differing conclusions when wrestling with this issue, and that there may not be an approach which is clearly superior. However, it is important to note that the question here is not whether the worker should receive OD benefits. That is governed by §39-71-407(9), MCA, under which the worker is provided benefits upon establishing that he suffers from a work-related disease. Rather, the question here is which insurer should pay. In that regard, I recognize that the ‘last injurious exposure” rule is itself a liability-shifting device which will bring ‘harsh result[s] in a particular case,” in exchange for rough equity among insurers when the system is considered as a whole. 82 Am. Jur. 2d Workers’ Compensation §200 (2003). However, I believe the “potentially causal” standard stretches that policy too far.
¶33 I would adopt the proposal offered by Appellee State Fund, that liability under the ‘last injuriously exposed” rule not pass to the subsequent insurer unless a permanent aggravation or contribution to the OD is established. I believe this is consistent with the plain meaning of the word ‘injurious”in the statute. See Shelby Distributors, LLC v. Mont. Dept. of Revenue, 2009 MT 80, ¶ 18, 349 Mont. 489, 206 P.3d 899 (When interpreting statutes, we use the “plain meaning” of the language.). In its definition of ‘Injurious exposure,” Black’s Law Dictionary 789 (Bryan A. Garner ed., 7th ed., West 1999), offers that ‘ta]n employer may be found liable for harm resulting from injurious exposure.” Here, the concept of ‘harm” is similar to the concept of an ‘Injurious” exposure. Such a rule would also be consistent with the manner in which we have applied the ‘last injurious exposure” rule in the context of recurrent disabilities. See Lanes v. Mont. State Fund, 2008 MT 306, ¶ 38, 346 Mont. 10, 192 P.3d 1145 (rejecting an argument that a “temporary aggravation” establishes a ‘last injurious exposure” within the context of recurrent disabilities).